COLEMAN R. and TELSA ROSENFIELD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rosenfield v. Commissioner
Docket No. 1548-79.
United States Tax Court
T.C. Memo 1981-665; 1981 Tax Ct. Memo LEXIS 76; 42 T.C.M. (CCH) 1689; T.C.M. (RIA) 81665; November 17, 1981. Hilton R. Carr, Jr., for the petitioners. Marion L. Westen, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1976 in the amount of $ 18,732.55. By amendment to answer filed on February 6, 1980, respondent claimed an increase in the deficiency of $ 582.97, making a total claimed deficiency of $ 19,315.52. The issues for decision are (1) whether petitioners are entitled to a deduction for an ordinary loss of $ 50,000, or any part thereof, because stock in Mama Tino, Inc. which petitioners held was section 1244 [1] stock which became worthless in the year 1976; and (2) whether petitioners are entitled to a capital loss of $ 15,840, or any part thereof, because of stock of Mama Tino, Inc. which they held *77 becoming worthless in 1976. All of the facts were stipulated or established by allegations in the petition admitted by respondent in his answer and by respondent's request for admissions filed December 13, 1979, which were not answered by petitioners. [2]
Petitioners, who resided in Hallandale, Florida, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1976. On this return they claimed a deduction for an ordinary loss in the amount of $ 50,000 on line 31 of page 2, and claimed a long-term capital loss, described as "excess portion of section 1244 loss incurred," in the amount of $ 15,840 on line 6 of Part II of Schedule D. On their 1976 return petitioners explained the claimed losses in an attached schedule entitled "Form 4797 - Part II," as follows: Line 8 - Ordinary Loss
*78 a. Mama Tino, Inc. A Florida corp. was adjudicated a bankrupt in 1976. b. Stock was acquired: (1) By issuance at organization of the corporation in April, 1968.
(2) Consideration Cash
38029
Furniture and fixtures
27811
Total
65840
Limitation - Line 8
50000
To Schedule D - Part II - Line 6
15840
Mama Tino, Inc. was organized under the laws of the State of Florida on April 5, 1968. It was adjudicated a bankrupt on August 27, 1970. Mama Tino, Inc. was dissolved by proclamation for nonpayment of taxes on July 11, 1972. Petitioner Coleman R. Rosenfield claimed a section 1244 loss on bankruptcy of Mama Tino, Inc. in the amount of $ 33,510.89 on his Form 1040, U.S. Individual Income Tax Return for the year 1970. Respondent in his notice of deficiency determined that the capital stock of Mama Tino, Inc., a Florida corporation, issued to petitioners was not stock that qualified for treatment under section 202(b) of the Small Business Tax Revision Act of 1958, Title II of Pub.L. 85-866, 72 Stat. 1676, approved September 2, 1958, adding section 1244 to the Code. On February 6, 1980, respondent, pursuant to leave granted by the Court, filed an amendment *79 to answer in which he alleged the facts with respect to petitioners' claiming an ordinary loss and a capital loss on their return as set forth above and the fact that Mr. Rosenfield had claimed a section 1244 loss on his 1970 income tax return. Respondent further alleged that in the statutory notice of deficiency dated November 6, 1978, upon which notice this case is based, he erroneously failed to disallow the claimed long-term capital loss deduction. He further alleged that petitioners incurred no loss on the stock of Mama Tino, Inc. in 1976 and that, therefore, their taxable income for 1976 as shown in the deficiency notice was understated in the amount of $ 1,106.14. On this basis respondent claimed an increased deficiency of $ 582.97. Petitioners filed no reply to respondent's amendment to answer and respondent filed no motion under Rule 37(c), [3] requesting that any allegations in the amendment to answer be deemed admitted. Petitioners in their brief argue that section 1244 should be liberally construed since it was intended to encourage *80 investments in small businesses, citing , reversing and remanding a Memorandum Opinion of this Court; and . Petitioners attached to their brief certain documents labeled Exhibits 1 thru 10 which make reference to section 1244. These documents are substantially the same as documents which were attached by petitioners to their petition which the allegation that they had furnished these documents to respondent to support the fact that the 233,000 shares of capital stock issued to them by Mama Tino, Inc. properly qualified under section 1244. The problem with petitioners' position is that the allegations with respect to the various documents attached to the petition were denied by respondent in his answer, and at the trial the only evidence received was a stipulation of facts. None of these documents were attached to that stipulation or referred to therein. The only document attached to the stipulation of facts was petitioners' income tax return for the year 1976, and this is the only document attached to respondent's request for admissions. Petitioners *81 apparently were under the misimpression that this Court reviewed the determination of respondent and that all information and documents submitted to respondent while the case was being considered administratively were before the Court. Trials before the Court are de novo and the Court has before it only such evidence as is presented to it by allegations in the pleadings which are admitted, properly filed admissions, stipulated facts, or evidence received at trial. There is no evidence before us to establish in any way the amount of any stock petitioners might have held in Mama Tino, Inc., whether such stock became worthless in 1976, and whether such stock was 1244 stock. Therefore, because petitioners have totally failed to carry their burden of proof we sustain the determination of deficiency as set forth in the notice of deficiency. Rule 142(a). The situation is reversed with respect to respondent's claim for an increased deficiency. As Rule 142(a) provides, respondent has the burden with respect to new matters and increased deficiencies pleaded in his answer. Petitioners filed no reply to the answer or amendment to answer filed by respondent in this case, and respondent did *82 not file a motion under Rule 37(c) requesting an order that specified allegations in the answer or amendment to answer be deemed admitted. Rule 37(c) specifically provides that where a reply is not filed the affirmative allegations in the answer will be deemed denied unless respondent, within 45 days after the expiration of the time for filing the reply, files a motion for an order that specified allegations in the answer be deemed admitted. On this record, the affirmative allegations in respondent's answer and amendment to answer are deemed denied. Respondent has offered no evidence to sustain his affirmative allegations other than the stipulated facts and admissions of petitioners that Mama Tino, Inc. was adjudicated as bankrupt on August 27, 1970, and dissolved by proclamation for nonpayment of taxes on July 11, 1972. These facts alone do not establish that petitioners' stock in Mama Tino, Inc. became totally worthless either in 1970 or 1972 since, insofar as this record shows, there may have been some possibility of the stockholders receiving some amount in the bankruptcy proceeding until the year 1976. In fact, only the front page of the notice of deficiency mailed to petitioners *83 on November 6, 1978, was attached to the petition and respondent in his answer denied that the notice, as attached, was a complete notice and alleged that a complete copy of the notice of deficiency was attached to his answer. Petitioners having filed no reply to respondent's answer, this allegation is deemed denied. Therefore, there is nothing in this record to sustain respondent's allegation in his amendment to answer that he did not disallow the claimed capital loss in the notice of deficiency. We therefore hold that respondent has failed to establish the affirmative allegations in his answer. Decision will be entered for respondent with respect to the deficiency determined in the notice. Decision will be entered for petitioners with respect to the increased deficiency claimed by respondent in his amendment to answer. Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
2. The stipulated facts and respondent's request for admissions which were unanswered are identical except that the stipulated facts show the place of residence of petitioners.↩
3. Unless otherwise indicated, all reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩